UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-10233
Summary Calendar
_____

IN THE MATTER OF: REKERDRES & REKERDRES INSURANCE AGENCY, INC.

Debtor.

DOUGLAS RANDALL REKERDRES, SUSAN REKERDRES and
REKERDRES INSURANCE AGENCY, INC.,

Appellants,

VERSUS

HENRY SEALS, Trustee,

Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CV-1553-T)
_____

August 30, 1995

Before DAVIS, BARKSDALE, and DEMOSS, Circuit Judges.

PER CURIAM:[1]

Appellants, Douglas (Randy) and Susan Rekerdres and Rekerdres

Insurance Agency, Inc., appeal from the district court's judgment,

affirming the bankruptcy court, in favor of the Trustee's claims

for conversion of bankruptcy estate assets. We **AFFIRM**.

---

[1] Local Rule 47.5.1 provides: "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that rule, the court has determined that this opinion
should not be published.

Randy and Gay Rekerdres were the sole shareholders and officers of Rekerdres & Rekerdres Insurance Agency, Inc ("R&R"). In late 1990, the Rekerdreses and R&R filed Chapter 7 bankruptcies, in part to avoid payment of an approximately $50,000 judgment. Thereafter, for all practical purposes, Randy Rekerdres began to transform R&R into a new agency, Rekerdres Insurance Agency, Inc. ("RIA"), an entity which was formally established almost three months prior to the bankruptcies.

The new agency, RIA, occupied the same office space as R&R; Randy Rekerdres sought to procure, for RIA, producer and agency agreements with R&R's former insurance carriers; and Randy Rekerdres used R&R's customer lists and expiration lists to solicit R&R's customers. Indeed, Randy Rekerdres' version of the facts is particularly candid:

> [He] took the lead in having an agency license [for RIA] issued to his mother [Susan Rekerdres] ... and in obtaining new contracts allowing the [RIA] to write policies with many of the same companies for which [R&R] wrote policies.... [H]e also obtained a computer printout of all of his old customers, obtaining not just their names and addresses, but also information as to the type of insurance coverage they had and when it would expire.... Finally, he caused the mailing out of a postcard giving the new agency name [RIA] and address, but with the same telephone number as before, and implying it was nothing more than a change of address.

The Trustee proceeded against the Rekerdreses and RIA for converting the customer and expiration lists and goodwill of R&R for the benefit of the new agency, RIA. The bankruptcy court ruled in favor of the Trustee and, *inter alia*, entered judgment for

$65,000, plus interest, against Randy and Susan Rekerdreses and RIA. The district court affirmed.

## II.

We review questions of fact for clear error; questions of law, *de novo*. *E.g., In re HECI Exploration Co.*, 862 F.2d 513, 518 (5th Cir. 1988).

Section 541 of the Bankruptcy Code, 11 U.S.C. § 541(a)(1), establishes that, subject to certain exception not applicable here, the assets of a bankruptcy debtor include "all legal or equitable interests of the debtor in property as of the commencement of the case". Appellants do not contest that the customer and expiration lists and goodwill of R&R are assets of that agency; hence property of the bankruptcy estate. *E.g., Tomlinson v. Comm'r*, 58 T.C. 570, 580 (1972), *aff'd*, 507 F.2d 723 (9th Cir. 1974). Nor do we understand them to challenge that a post-petition transfer of the property of the bankruptcy estate may be avoided by the Trustee. *E.g.*, 11 U.S.C. § 549(a). Rather, the crux of their claim is that Randy Rekerdres should not be prohibited from soliciting his former customers, simply because R&R, for which he was the sole producing agent, was in bankruptcy. But, we do not read the district court's ruling so broadly; it was confined to the facts:

> Considering the timing of the entry of [the (approximately) $50,000 judgment], the establishment of [RIA], and the bankruptcy of R&R as well as the systematic nature of the solicitation of R&R's former customers and acquisition of producer agent contracts from R&R's former carriers, the bankruptcy court found that [the Rekerdreses] had converted R&R's customer lists, expiration lists, and business goodwill and funneled them into [RIA].... The Court agrees with

- 3 -

and affirms these conclusions of the bankruptcy court.

In other words, the specific restrictions on an individual's ability to solicit customers of his bankrupt debtor-corporation are not at issue. The bankruptcy and district courts found that, under these circumstances, Randy Rekerdres' conduct extended beyond any right he may have had to solicit his former customers; his systematic efforts, in the surrounding context, amounted to conversion of the assets of the bankruptcy estate.[2] In all respects, we agree with the district court.

### III.

For the foregoing reasons, the judgment is

**AFFIRMED.**

---

[2] As an adjunct to its ruling, the district court noted that Randy Rekerdres, as an officer of R&R, had a fiduciary duty to protect the assets of the corporation for the benefit of its creditors. Rekerdres interprets this pronouncement as requiring individuals to continue to service the accounts of their bankrupt debtor-corporations without compensation. Again, this dramatically overstates the district court's holding -- drawn narrowly to the facts at hand.

Appellants also complain that they should not be held liable for the value of the challenged assets when the Trustee was "ignorant" of both their value and his ability to sell them. We find no support for this claim, particularly in this instance, where it appears Randy Rekerdres failed to turn over some of these assets to the Trustee, or to account for their value in representing the worth of the debtor-corporation.